IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MELANIE EDWARDS, | )<br>) |
| Plaintiff, | ) Civil Action No. 5:22-cv-408-JSM-PRL<br>) |
| v. | )<br>) |
| CONSUMERLINK, LLC, | ) **Jury Trial Demanded**<br>) |
| Defendant. | )<br>) |

## COMPLAINT

MELANIE EDWARDS ("Plaintiff" or "Ms. Edwards"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONSUMERLINK, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant as Defendant regularly and systematically conducts business in the State of Florida.

4. Furthermore, Defendant placed phone calls to Plaintiff at her "352" area code, associated with the Ocala, Florida region.

5. Plaintiff resided within this District at all times relevant hereto. Plaintiff received the calls at issue and experienced harm within this District.

6. A substantial portion of the acts and omissions described herein occurred within this District.

7. Accordingly, person jurisdiction exists and venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Ms. Edwards is a natural person residing in Clermont, FL 34711.

9. Ms. Edwards is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant Consumer Link is a corporation with its principal place of business, head office, or otherwise valid mailing address at 7 Birch Court, Reisterstown, MD 21136.

11. Consumer Link is a medical billing company in the business of collecting medical debt.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39)

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Ms. Edwards maintained a cellular telephone, the number for which was (352) XXX-5604.

PLAINTIFF'S COMPLAINT

15. At all times relevant hereto, Ms. Edwards primarily used that cell phone for residential purposes.

16. Ms. Edwards registered that cell phone number on the Do Not Call Registry on or around May 19, 2020.

17. Ms. Edwards registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

18. Beginning in or around March 2020, Defendant began calling Ms. Edwards' cellular telephone to collect an alleged debt.

19. Prior to receiving calls from Defendant, Plaintiff never had an account with, or a medical debt owned by, Defendant.

20. In fact, Defendant was calling to speak with a "Crystal Lina", a name that Plaintiff has never heard, not used at any point in her life.

21. Plaintiff, at all times relevant to this Complaint, did not have any medical debt.

22. On June 14, 2020, Plaintiff informed Defendant's agent that she did not have any medical debt, was not the intended called party, and that wanted the calls from Defendant to stop.

23. Plaintiff did not consent to being contacted by Defendant.

24. The calls were not made for "emergency purposes."

25. Despite registration on the Do Not Call Registry, Defendant placed calls to Ms. Edwards on a plethora of occasions attempting to collect a debt that Plaintiff did not owe, and explicitly informed Plaintiff was not hers.

26. In total, Defendant placed at least 225 calls to Plaintiff on her telephones.

27. Plaintiff received calls from Defendant on the dates below:

| Month: | Dates: |
|---|---|
| March 2020 | 2, 4, 19, 20, 23, 25, 27, 31 |
| April 2020 | 1, 3, 6, 8, 9, 10, 16, 17, 21, 22, 23, 24, 29 |
| May 2020 | 4, 5, 7, 11, 14, 15, 19, 22, 26, 28, 29 |
| June 2020 | 3, 4, 5, 8, 9, 11, 12, 16, 18 |
| September 2020* | 1, 2, 3, 3, 14, 23, 25 |
| October 2020* | 1, 2, 7, 9, 22, 27, 28, 29, 30 |
| November 2020* | 3, 4, 5, 6, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 23, 24, 30 |
| December 2020* | 1, 2, 3, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 21, 22, 23, 29, 30 |
| January 2021* | 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 18, 20, 21, 22, 25, 26, 27, 28 |
| February 2021* | 2, 3, 4, 8 |
| June 2021* | 22, 23, 24, 30 |
| July 2021* | 1, 2, 6, 7, 8, 12, 13, 14, 15, 21, 22, 23, 26, 27, 28, 29, 30 |
| August 2021* | 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 16, 17, 18, 19, 23, 24, 25, 26, 27, 30, 31 |
| September 2021* | 1, 2, 3, 7, 8, 9, 10, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 28, 29, 30 |
| October 2021* | 4, 5, 8, 11, 12, 13, 14, 15, 18, 19, 20, 21, 25, 26, 27, 28, 29 |
| November 2021* | 1, 2, 4, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 22, 23, 24, 29, 30 |
| December 2021* | 2, 7, 9,10, 13, 15, 20, 22, 23, 28, 30 |
| January 2022* | 6, 6, 6 |

*Indicates calls received more than 31 days after Plaintiff's number was registered on the National Do Not Call Registry.

28. Upon information and belief, Ms. Edwards received additional calls from Defendant not included in the above.

29. All of the calls on the above list came from a caller ID of (844) 270-6621, Defendant's telephone number.

30. A large majority of the calls placed by Defendant utilized a pre-recorded voice in which a computerized voice describes an outstanding medical debt, and requests that Plaintiff call back at (844) 270-6621.

31. All of the calls Plaintiff received which utilized a pre-recorded voice contained the same recording.

32. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy has been invaded by Defendant.

33. The foregoing acts and omissions were in violation of the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone numbers using a pre-recorded voice.

37. Defendant's calls were not made for "emergency purposes."

38. Defendant's calls to Plaintiff's cellular telephone were made without any prior express consent.

39. Defendant contacted Plaintiff despite the fact that Plaintiff's numbers have been listed on the Do Not Call Registry since May 19, 2020.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

43. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

44. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

45. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since May 19, 2020.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

48.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Melanie Edwards,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227 (c));

    e.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    f.    Any other relief this Honorable Court deems appropriate.

[THIS PORTION OF THE PAGE IS INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Melanie Edwards**, demands a jury trial in this case.

Respectfully submitted,

Dated: September 08, 2022

By: */s/ Joseph D. Steward*
Joseph D. Steward, Esq.
Kimmel & Silverman, PC
30 E Butler Ave, Ambler, PA 19002
Phone: (215) 540-8888 ext 134
Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT